FILED
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

10 MAY 21 PM 4: 23

-------------------------------------x

DINO PHILLIPS,

                        Plaintiff

    -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, EDWIN ESPINAL,
CHARLENE SMITH, HECTOR MORALES and
PETER O'NEILL

                     Defendant(s),

**COMPLAINT AND JURY DEMAND**

AMON, J.
POHORELSKY, M.J.

-------------------------------------x

## PRELIMINARY STATEMENT

1. This is an action for monetary damages (compensatory and punitive) against THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, and Police Officers EDWIN ESPINAL, CHARLENE SMITH, HECTOR MORALES and PETER O'NEILL of the NEW YORK CITY POLICE DEPARTMENT, arising out of the false arrest, false imprisonment, malicious prosecution and assault of DINO PHILLIPS.

2. On May 23, 2007, POLICE OFFICERS EDWIN ESPINAL, CHARLENE SMITH, HECTOR MORALES and PETER O'NEILL of the NEW YORK CITY POLICE DEPARTMENT and other members of the NEW YORK CITY POLICE DEPARTMENT, acting under the color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, false arrest, false and malicious prosecution, imprisonment, detention, and assault for acts of which plaintiff was innocent. This unconstitutional and unreasonable seizure of the plaintiff was in

1

violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

3. The Plaintiff, DINO PHILLIPS, through his attorneys, complaining of the defendants, respectfully alleges:

## JURISDICTION

4. This action is brought under 28 USC §§ 1331 and 1343, 42 USC §§ 1983, 1985 and 1988 and the Fourth, Fifth and Fifteenth Amendments to the Constitution of the United States. This Court has supplemental jurisdiction over the state law claims under 28 USC §1367.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Eastern District of New York in that the incident alleged in this complaint occurred in the Eastern District on New York, particularly Kings County.

## PARTIES

7. Plaintiff at all times relevant resided in the County of Kings, City and State of New York.

8. That at all times mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

9. THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant, an agency of the defendant THE CITY OF NEW YORK.

10. That at all times mentioned, and on information and belief, defendants POLICE OFFICERS EDWIN ESPINAL, CHARLENE SMITH, HECTOR MORALES and PETER O'NEILL, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the defendant, THE NEW YORK CITY POLICE DEPARTMENT.

11. At all times mentioned, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

12. That at all times mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

13. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts under the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

14. On May 23, 2007 at approximately 5:05 pm members of the New York City Police Department, including defendants EDWIN ESPINAL, CHARLENE SMITH, HECTOR MORALES and PETER O'NEILL in the vicinity of Lefferts Place and Classon Avenue, Brooklyn, New York forcefully arrested the plaintiff, Dino Phillips, and removed him to a Precinct.

15. The arrest was made in retaliation for the plaintiff questioning the police about a violent arrest they were making of an individual.

16. During and after the arrest, the defendants assaulted and beat the plaintiff, Dino Phillips, without provocation.

17. Defendants imprisoned and detained plaintiff, restrained him of his liberty, without any right to do so, and against the will of the plaintiff.

18. The arrest of the plaintiff was committed by the defendants without legal process and without probable cause.

19. The defendants planted evidence, in the form of two bags of marijuana, on the plaintiff.

20. The plaintiff remained in the custody of the police for approximately one week until he made bail.

21. Over the course of almost three years, the defendants relentlessly, and without legal basis, pursued plaintiff's conviction, refusing to stop unless he pleaded to a lesser offense.

22. During the plaintiff's first trial, a jury acquitted him of a number of the charges against him and could not reach a decision on the other charges.

23. Because the plaintiff refused to plead to a violation, the defendants insisted on retrying him on the remaining charges.

24. For almost three years, plaintiff was required to make numerous appearances in Supreme Court, Kings County.

25. Throughout the three-year period since his arrest, the plaintiff has maintained his innocence.

26. In May 2010, a jury acquitted the plaintiff of all remaining charges.

27. Defendants acted maliciously and intentionally.

28. As a direct and proximate result of the acts of defendants, the New York City Department of Consumer Affairs suspended the plaintiff's Home Improvement Contractor License causing the plaintiff's business to collapse and the plaintiff to lose his source of income.

29. As a direct and proximate result of the acts of defendants, the plaintiff could no longer afford to make payments on his car, which was repossessed, or on his credit cards and his credit-score plummeted.

30. As a direct and proximate result of the acts of defendants, the plaintiff suffered severe and permanent injuries including but not limited to, embarrassment, humiliation, loss of liberty, psychological injury, pain, suffering, emotional distress and mental anguish.

### FIRST CAUSE OF ACTION
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

31. Paragraphs 1 through 30 are herein incorporated by reference.

32. Defendants subjected plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

33.. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

34. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars.

### SECOND CAUSE OF ACTION
(MUNICIPAL LIABILTY)

35. Paragraphs 1 through 34 are incorporated herein by reference.

36. Defendant CITY OF NEW YORK is liable for the damages suffered by the plaintiff as a result of the conduct of its employees, agents, and servants.

37. Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

38. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

39. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

40. Defendant CITY OF NEW YORK has damaged the plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

41. Defendants subjected plaintiff to false arrest and false imprisonment.

42. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

### THIRD CAUSE OF ACTION
(FOURTH AMENDMENT)

43. Paragraphs 1 through 42 are incorporated herein by reference.

44. Defendant Police Officers EDWIN ESPINAL, CHARLENE SMITH, HECTOR MORALES and PETER O'NEILL illegally arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

45. That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

46. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

### FOURTH CAUSE OF ACTION
(FOURTEENTH AMENDMENT)

47. Paragraphs 1 through 46 are incorporated herein by reference.

48. Defendant Police Officers EDWIN ESPINAL, CHARLENE SMITH, HECTOR MORALES and PETER O'NEILL illegally arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

49. That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

50. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

### SIX CAUSE OF ACTION
(MALICIOUS PROSECUTION)

51. Paragraphs 1 through 50 are incorporated herein by reference.

52. Defendants caused a false accusatory instrument to be filed against plaintiff.

53. The criminal instrument was dismissed and the criminal proceedings favorably terminated.

54. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

55. Plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars as a result of the malicious prosecution implemented by the defendants.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of One Million ($1,000,000.00) Dollars on each of the plaintiff's Causes of Action;

B. Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars on each of the plaintiff's Causes of Action;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action;

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated:   New York, New York
         May 21, 2010

                                        Bromberg Law Office, P.C.

                                        By: _____
                                            Brian L. Bromberg
                                            One of Plaintiff's Attorneys

<u>Attorneys for Plaintiffs</u>
Brian L. Bromberg
Peter T. Lane
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, New York 10005
Tel: 212-248-7906
Fax: 212-248-7908