# BROMBERG LAW OFFICE, P.C.

Brian L. Bromberg (Admitted in NY & CA)
Michael N. Litrownik, Associate (Admitted in NY & MA)

40 Exchange Place, Suite 2010
New York, NY 10005
Phone: (212) 248-7906
Fax:   (212) 248-7908

November 30, 2011

<u>Via ECF & First Class Mail</u>
Honorable Viktor V. Pohorelsky, U.S.M.J.
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>*Phillips v. The City of New York, et al.*, Case No. 10-CV-2330(CBA)(VVP)</u>

Dear Judge Pohorelsky:

My office represents the Plaintiff, Dino Phillips, in the above-referenced civil rights lawsuit arising from a case of false arrest and use of excessive force by members of the 77th Precinct in Brooklyn.

I am writing to move for an order unsealing the Grand Jury testimony of Defendants Hector Morales, Edwin Espinal, and Peter O'Neill, in the case of *The People of the State of New York v. Dino Phillips*, Index No. 4959/2007. Defendants have stated that they will not oppose this motion.

## Background

The minutes of the grand jury testimony of Defendants Edwin Espinal, Hector Morales, and Peter O'Neill was turned over to Plaintiff at some point before his first criminal trial as *Rosario* material. During Plaintiff's second criminal trial, Defendants Espinal and O'Neill were cross-examined on the grand jury minutes in *open court*.[1] Plaintiff believes that these minutes are the complete grand jury minutes and Plaintiff has been in possession of this document throughout this case. Plaintiff produced these minutes to Defendants during paper discovery.[2] Additionally, Defendants Espinal, Morales, and O'Neill authenticated limited portions of their grand jury testimony during their depositions.[3]

---

[1] *See* ECF #37 (illustrating how Defendant O'Neill was cross-examined on the minutes and how Plaintiff's attorney read out loud portions of the grand jury testimony of Defendant Espinal) (emphasis added).
[2] These documents were Bates-stamped P001288 – P001312 and P001395.
[3] Plaintiff inadvertently printed out only the odd-numbered pages of the grand jury minutes for use during the depositions.

1

Nonetheless, Defendants requested leave for a pre-motion conference to move for summary judgment on the grounds that Plaintiff could not use the grand jury testimony of Defendants to prove his malicious prosecution claim. The parties held a pre-motion conference before Judge Amon on October 19, 2011. On November 14, 2011, Defendants moved for partial summary judgment on Plaintiff's malicious prosecution claim.[4] Oral argument is scheduled before Judge Amon on December 15, 2011. Defendants make several arguments in their motion for the partial summary judgment, but one of the bases of their argument is that because Plaintiff will be unable to use the grand jury testimony of the defendant police officers to show fraud, perjury, suppression of evidence, or other misconduct since the grand jury minutes are still sealed and remain unauthenticated, Plaintiff will be unable allege any facts to overcome the presumption of probable cause for his arrest created by his indictment.

To resolve the issue over the authentication and use of the grand jury minutes, on November 16, 2011, Plaintiff moved for permission to serve requests for admission to Defendants for the limited purpose of authenticating the grand jury transcript and simultaneously moved to stay the pending briefing of the motions.[5] Defendants opposed this motion.[6]

Your Honor held a telephone conference with the parties on November 29, 2011 and instructed Plaintiffs to move to unseal the grand jury minutes in order to resolve this issue.[7] Defendants advised that they would not oppose this motion.

## Legal Argument

Plaintiff makes this motion because the grand jury minutes would afford him evidence that would greatly assist him in proving his malicious prosecution claim. First, the grand jury testimony of Officers Espinal and Morales concerning whether probable cause – as evidenced by Plaintiff's and Espinal and Morales' conduct – existed for the chase and violent arrest of Plaintiff is flatly contradicted by the testimony of both Plaintiff and a non-party witness who observed the entire incident. Second, Plaintiff makes this application not for any generalized desire for discovery to prove his case, but to illustrate how the testimony of Officers Espinal and Morales and Lieutenant O'Neill was fabricated and false and is flatly contradicted by Plaintiff and non-party witnesses such that Defendants have not met their burden for summary judgment on Plaintiff's malicious prosecution claim.

---

[4] *See* ECF #36.
[5] *See* ECF #37 and #38.
[6] *See* ECF #39.
[7] *See* ECF #40.

Although federal courts are not bound by the same laws protecting the secrecy of grand jury proceedings as are state courts, the doctrine of comity compels federal courts to require a showing of "particularized need" to unseal grand jury transcripts.[8] Three elements are required in order to make this showing: (1) the material sought is needed to avoid a possible injustice, (2) the need for disclosure is greater than the need for secrecy, and (3) the request is structured to cover only material so needed.[9] Additionally, the plaintiff must point to specific factual allegations of government misconduct.[10]

The specific needs of the case – or claim at issue – also guide the Court's analysis. Here, Defendants have moved for partial summary judgment on Plaintiff's malicious prosecution claim, which imposes on Plaintiff the burden of demonstrating the lack of probable cause for commencing the criminal proceeding.[11] Because an indictment creates a presumption of probable cause that must be overcome by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith,[12] the grand jury testimony of defendant police officers here – alleged by Plaintiff to be fabricated and false – is essential and central to Plaintiff's case in overcoming the presumption of probable cause.

The three considerations guiding the Court's analysis are discussed in detail below.

### I. The grand jury minutes are necessary to avoid a possible injustice

Plaintiff's claim here is that Defendants Espinal, Morales, and O'Neill gave false testimony to the grand jury which resulted in Plaintiff's indictment. Therefore, the allegedly false grand jury testimony here "is the res itself."[13] To prove his claim, Plaintiff will use the grand jury testimony of the aforementioned Defendants and the testimony of Plaintiff and a non-party witness who observed the incident from

---

[8] *Alvarado v. City of New York*, 2006 WL 2252511, at *2 (E.D.N.Y. Aug. 5, 2006).
[9] *Id.* (quoting *Scheiner v. Wallace*, 1995 WL 753931, at *5 (S.D.N.Y. Dec. 19, 1995)).
[10] *See id.* (quoting *United States v. Torres*, 901 F.2d 205, 233 (2d Cir. 1990).
[11] *See Zomber v. Village of Garden City*, 2011 WL 3511011, at *3 (E.D.N.Y. Aug. 10, 2011) (quoting *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010)) (To prove a claim for malicious prosecution under § 1983 "[A] plaintiff must show a violation of his rights under the Fourth Amendment, and must establish the elements of a malicious prosecution claim under state law. To establish a malicious prosecution claim under New York law, a plaintiff must prove (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions").
[12] *See Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003).
[13] *Zomber*, 2011 WL 3511011, at *4.

3

the beginning, Brenda Jones, and a non-party witness who observed Plaintiff being violently arrested, Floyd Leslie. Without the grand jury testimony of the defendant officers being unsealed, Plaintiff will not be able to use the minutes to refresh the officers' recollection or impeach their testimony. Further, it is highly unlikely that the officers would be able to recall their testimony from a grand jury almost five years ago. And because their testimony surrounding the beginning of the incident with Plaintiff evinces the probable cause by which Plaintiff was later chased down and violently arrested, it is central to Plaintiff's case for malicious prosecution.

For example, the minutes are necessary because there are wildly divergent accounts of what happened at the beginning of this incident. Defendant Espinal testified to the grand jury that he and Defendant Smith were merely conducting a "narcotics investigation, a car stop," of a white van on the street corner when Plaintiff aggressively approached them and began screaming and swearing at them.[14] Plaintiff, however, testified during both of his criminal trials that he was sitting in the park with non-party witness Brenda Jones when he observed Defendants Espinal and Smith pull an individual out of a white van and begin verbally and physically assaulting him.[15] Plaintiff further testified that when he peacefully questioned the officers why the individual from the white van was being beaten, Officer Espinal swore at him.[16] And Ms. Jones testified that after Officers Espinal and Smith yanked an individual out of a white van and began beating him, Plaintiff respectfully approached the officers and asked them what they were doing, at which point Officers Espinal and Smith began swearing at Plaintiff.[17]

## II. The need for disclosure is greater than the need for secrecy

Here, because of the unique circumstances of this case, none of the reasons for maintaining the secrecy of the grand jury testimony is compelling. Under New York law, there are five reasons for maintaining such secrecy:

> (1) prevention of flight by a defendant who is about to be indicted;
> (2) protection of the grand jurors from interference from those under investigation; (3) prevention of subornation of perjury and tampering with prospective witnesses at the trial to be held as a result of any indictment the grand jury returns; (4) protection of an innocent accused from unfounded

---

[14] *See* Grand Jury Testimony of Defendant Edwin Espinal, contained in documents Bates-stamped P001288 – P001312 and P001395.
[15] *See* First Criminal Trial Testimony of Dino Phillips, contained in documents Bates-stamped P001983 – P002071 and Second Criminal Trial Testimony of Dino Phillips, contained in documents Bates-stamped NYC476 – NYC563.
[16] *Id.*
[17] *See* First Criminal Trial Testimony of Brenda Jones, contained in documents Bates-stamped P001840 – P001948.

4

accusations if in fact no indictment is returned; and (5) assurance to prospective witnesses that their testimony will be kept secret so that they will be willing to testify freely.[18]

Here, Plaintiff has already been acquitted of all charges after two criminal trials with the second criminal trial ending almost two years ago. This fact vitiates reasons one through four.[19] There is no risk of flight by Plaintiff. There is no risk to the grand jurors – whose names are not mentioned in the transcript – from interference because the trials have ended and no one is under investigation. There are no prospective witnesses at the criminal trials because the trials have ended. And an indictment was in fact returned.

The fifth reason – the assurance of secrecy to prospective witnesses so that they will testify freely in the future – does not apply here because the grand jury testimony has already been produced, read in open court, and authenticated by the defendants in limited part. Additionally, police officers have a very slight interest in such secrecy because testifying to the grand jury is a regular part of their professional responsibilities.[20]

Because the minutes are no longer secret, having been used in a criminal trial held in open court, this factor is satisfied.

III. The request for unsealing is structured to cover only material so needed

Plaintiff is requesting that the grand jury testimony of Officers Espinal, Morales, and O'Neill be unsealed. This request is structured to cover only the material Plaintiff needs to oppose Defendants' partial motion for summary judgment. Plaintiff does not intend to disseminate the grand jury testimony and is amenable to a confidentiality order or other protective order.

---

[18] *Turturro v. City of New York*, 2011 N.Y. Slip Op. 21180, at *11 (N.Y. Sup. Ct. 2011) (quoting *People v. Di Napoli*, 27 N.Y.2d 229, 235 (1970)).
[19] *See Myers v. Phillips*, 2007 WL 2276388, at *3 (E.D.N.Y. Aug. 7, 2007) (noting that none of the factors were satisfied: "Petitioner's grand jury proceeding and trial are over. Disclosure of the testimony will not facilitate any 'escape,' will not cause anyone to "importune" grand jurors, will not cause any witness tampering, will not affect the incentive for witnesses to testify before future grand juries, and will not protect petitioner's name").
[20] *See id.* ("The officers' interest in secrecy is at its lowest given that testifying before grand juries is part of their regular duties as public servants"); *see also Dale v. Bartels*, 532 F. Supp. 973, 976 (D.C.N.Y. 1982)("A Government agent is not likely to be inhibited by subsequent disclosure in the sense that a businessman, victim of extortion or racketeering who testifies to the grand jury might be").

5

accusations if in fact no indictment is returned; and (5) assurance to prospective witnesses that their testimony will be kept secret so that they will be willing to testify freely.[18]

Here, Plaintiff has already been acquitted of all charges after two criminal trials with the second criminal trial ending almost two years ago. This fact vitiates reasons one through four.[19] There is no risk of flight by Plaintiff. There is no risk to the grand jurors – whose names are not mentioned in the transcript – from interference because the trials have ended and no one is under investigation. There are no prospective witnesses at the criminal trials because the trials have ended. And an indictment was in fact returned.

The fifth reason – the assurance of secrecy to prospective witnesses so that they will testify freely in the future – does not apply here because the grand jury testimony has already been produced, read in open court, and authenticated by the defendants in limited part. Additionally, police officers have a very slight interest in such secrecy because testifying to the grand jury is a regular part of their professional responsibilities.[20]

Because the minutes are no longer secret, having been used in a criminal trial held in open court, this factor is satisfied.

III. The request for unsealing is structured to cover only material so needed

Plaintiff is requesting that the grand jury testimony of Officers Espinal, Morales, and O'Neill be unsealed. This request is structured to cover only the material Plaintiff needs to oppose Defendants' partial motion for summary judgment. Plaintiff does not intend to disseminate the grand jury testimony and is amenable to a confidentiality order or other protective order.

---

[18] *Turturro v. City of New York*, 2011 N.Y. Slip Op. 21180, at *11 (N.Y. Sup. Ct. 2011) (quoting *People v. Di Napoli*, 27 N.Y.2d 229, 235 (1970)).

[19] *See Myers v. Phillips*, 2007 WL 2276388, at *3 (E.D.N.Y. Aug. 7, 2007) (noting that none of the factors were satisfied: "Petitioner's grand jury proceeding and trial are over. Disclosure of the testimony will not facilitate any 'escape,' will not cause anyone to "importune" grand jurors, will not cause any witness tampering, will not affect the incentive for witnesses to testify before future grand juries, and will not protect petitioner's name").

[20] *See id.* ("The officers' interest in secrecy is at its lowest given that testifying before grand juries is part of their regular duties as public servants"); *see also Dale v. Bartels*, 532 F. Supp. 973, 976 (D.C.N.Y. 1982)("A Government agent is not likely to be inhibited by subsequent disclosure in the sense that a businessman, victim of extortion or racketeering who testifies to the grand jury might be").

## Conclusion

Plaintiff has shown a particularized need for the grand jury testimony of Defendants Espinal, Morales, and O'Neill in order to oppose Defendants' motion. Because all the factors discussed favor the unsealing of the minutes and Defendants do not oppose this motion, Plaintiff respectfully requests that Your Honor unseal the Grand Jury testimony of Defendants Hector Morales, Edwin Espinal, and Peter O'Neill, in the case of *The People of the State of New York v. Dino Phillips*, Index No. 4959/2007.

Respectfully,

Michael N. Litrownik

cc: Kimberly Savino, Esq. (Via ECF)